IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HOPE IRVIN, as Personal Representative**
**of the ESTATE OF VINCENT WOOD, Deceased**,

     **Plaintiff,**

**vs.**                       **15cv00550 SCY-KBM**

**KATHERINE WRIGHT, individually and in her**
**Official capacity as an Albuquerque Police Officer**
**JEFFREY BLUDWORTH, individually and in his**
**Official capacity as an Albuquerque Police Officer,**
**and CITY OF ALBUQUERQUE,**

     **Defendants.**

## DEFENDANTS ANSWER TO PLAINTIFF'S COMPLAINT FOR CLAIMS OF WRONGFUL DEATH, DEPRIVATION OF CIVIL RIGHTS, AND VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

**COME NOW**, Defendants Katherine Wright, Jeffrey Bludworth, and the City of Albuquerque (hereinafter "Defendants"), by and through Deputy City Attorney Stephanie M. Griffin,  and hereby state the following for their Answer to Plaintiff's Complaint for Claims of Wrongful Death, Deprivation of Civil Rights, and Violation of the Americans With Disabilities Act:

## PARTIES, JURISDICTION, AND VENUE

1. In response to Paragraphs 1 and 2 of Plaintiff's complaint, Defendants are without knowledge to admit or deny these allegations and therefore deny the same.

2. Defendants admit the allegations contained in Paragraph 3 of Plaintiff's complaint.

3. Defendants deny the allegations contained in Paragraph 4 of Plaintiff's complaint.

4. Defendants admit the allegations contained in Paragraphs 5, 6, 7, and 8 of

Plaintiff's complaint.

5.      In response to Paragraph 9 of Plaintiff's complaint, Defendants admit that Plaintiff has asserted claims under the New Mexico Tort Claims Act, 41-4-12 and pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132 but Defendants deny that they are liable for any such claims.

6.      In response to Paragraph 10 of Plaintiff's complaint, Defendants admit that Plaintiff seeks damages for the Estate of Vincent Wood.  Defendants deny that they are liable and therefore denies Plaintiff's claim for damages.  Defendants deny the remaining allegations contained in Paragraph 10 of Plaintiff's complaint.

7.      In response to Paragraph 11 of Plaintiff's complaint, Defendants admit that the United States District Court of New Mexico has jurisdiction over Plaintiff's state and federal claims pled in the complaint.

8.      In response to Paragraph 12 of Plaintiff's complaint, Defendants admit that subject incident described in Plaintiff's complaint occurred in Bernalillo County and that United States District Court of New Mexico is the proper venue.

## FACTUAL BACKGROUND

9.      In response to Paragraph 13 of Plaintiff's complaint, Defendants admit that Officer Wright had a previous encounter with Vincent Wood and that Officer Bludworth had seen and heard of Vincent Wood but did not have any previous personal encounters with him. Defendants admit that based upon these previous encounters, Officer Wright and Officer Bludworth suspected that Vincent Wood could have been mentally ill.  Defendants deny the remaining allegations contained in Paragraph 13 of Plaintiff's complaint.

10.     In response to Paragraph 14 of Plaintiff's complaint, Defendants deny that

2

Paragraph 14 contains a complete account of what information was relayed to officers over the dispatch. Defendants admit that officers were dispatched to a call where it was reported that a black male who was approximately 50-60 years old with a thin build and who was wearing a black jacket, black pants had threatened two juveniles with large butcher knives at a bus stop. Defendants admit that it was also reported over the dispatch that the male had a mental health history and was known to be violent.

11.     In response to Paragraph 15 of Plaintiff's complaint, Defendants deny that Paragraph 15 contains a complete account of what information the security guard told the 911 operator. Defendants admit that the security guard, who was patrolling around Hooters, advised the 911 operator that two male juveniles informed him that a black male (later identified as Vincent Wood) had pulled out two knives and then threatened both boys with the knives.

12.     In response to Paragraph 16 of Plaintiff's complaint, Defendants admit that the security guard stated that he observed a male at a bus stop moving erratically and speaking gibberish. Defendants admit that the security guard stated that the male started walking northbound on San Mateo and that the security guard informed 911 of his direction of travel. Defendants admit that the security guard gave the 911 operator a description of Mr. Wood and his clothing. Defendants are without knowledge to admit or deny the remaining allegations contained in Paragraph 16 of Plaintiff's complaint and therefore deny the same.

13.     Defendants admit the allegations contained in Paragraphs 17 and 18 of Plaintiff's complaint.

14.     Defendants deny the allegations contained in Paragraphs 19 and 20 of Plaintiff's complaint.

15.    Defendants admit the allegations contained in Paragraph 21 of Plaintiff's complaint.

16.    In response to Paragraph 22 of Plaintiff's complaint, Defendants admit that as Officer Wright approaches the Circle K, she recognizes that the black male described over the dispatch to be Vincent Wood, who through prior dealings, she had known to have a mental issue and to be highly agitated, uncooperative, and violent.

17.    In response to Paragraph 23 of Plaintiff's complaint, Defendants admit that when Officer Wright arrives she sees Mr. Wood searching in his backpack.  Defendants deny the remaining allegations contained in Paragraph 23 of Plaintiff's complaint.

18.    Defendants admit the allegations contained in Paragraphs 24, 25, and 26 of Plaintiff's complaint.

19.    In response to Paragraph 27 of Plaintiff's complaint, Defendants admit that Officer Bludworth yelled commands at Vincent Wood multiple times to get on the ground and to drop the knives and that Officer Wright yelled commands at Vincent Wood to drop the knives. Defendants deny the remaining allegations contained in Paragraph 27 of Plaintiff's complaint.

20.    In response to Paragraph 28 of Plaintiff's complaint, Defendants admit that Mr. Wood did not acknowledge or obey any of the commands that they gave.  Defendants deny the remaining allegations contained in Paragraph 28 of Plaintiff's complaint.

21.    In response to Paragraph 29 of Plaintiff's complaint, Defendants admit that the Computer Aided Dispatch reflects that Officer Wright was on scene at 19:42:12 and that Officer Bludworth was on scene at 19:42:36 but that it is unknown if this reflects when the officers logged out on scene or whether it is when they actually did arrive. Defendants deny the remaining allegations contained in Paragraph 29 of Plaintiff's complaint.

22.     In response to Paragraph 30 of Plaintiff's complaint, Defendants admit that there is a time entry at 19:43:05 on the Computer Aided Dispatch that shots were fired and that it is unknown if this is the actual time that shots had been fired.  Defendants deny the remaining allegations contained in Paragraph 30 of Plaintiff's complaint.

23.     In response to Paragraph 31 of Plaintiff's complaint, Defendants admit that Officer Wright within less than one minute of arriving on scene, fired shots at Vincent Wood because of the deadly threat that he posed.  Defendants deny the remaining allegations contained in Paragraph 31 of Plaintiff's complaint.

24.     In response to Paragraph 32 of Plaintiff's complaint, Defendants admit that Officer Bludworth fired shots at Vincent Wood because of the deadly threat that he posed. Defendants deny the remaining allegations contained in Paragraph 32 of Plaintiff's complaint.

25.     In response to Paragraph 33 of Plaintiff's complaint, Defendants admit that Officer Bludworth and Officer Wright shot at Mr. Wood due to the deadly threat that he posed. Defendants admit that Mr. Wood was shot a total of nine times and that he died from multiple gunshot wounds.  Defendants deny the remaining allegations contained in Paragraph 33 of Plaintiff's complaint.

26.     Defendants deny the allegations contained in Paragraph 34 of Plaintiff's complaint.

27.     Defendants admit the allegations contained in Paragraph 35 of Plaintiff's complaint.

28.     Defendants deny the allegations contained in Paragraphs 36 and 37 of Plaintiff's complaint.

29.     In response to Paragraph 38 of Plaintiff's complaint, Defendants admit that less lethal weapons such as a taser or mace was not used because it was not feasible under the circumstances due to the threat that he posed. Defendants deny the remaining allegations contained in Paragraph 38 of Plaintiff's complaint.

30.     Defendants deny the allegations contained in Paragraph 39 of Plaintiff's complaint.

31.     In response to Paragraph 40 of Plaintiff's complaint, Defendants admit that Officer Wright handcuffed Mr. Wood after he was shot and then turned him over so that Officer O'Guin could render aid until rescue units arrived.  Defendants also admit that Officer Wright did not have gloves on and therefore could not make efforts to stop the bleeding without exposing herself to blood-borne pathogens which is why she turned him over so that Officer O'Guin, who had just put gloves on, could render aid. Defendants deny the remaining allegations contained in Paragraph 40 of Plaintiff's complaint.

32.     In response to Paragraph 41 of Plaintiff's complaint, Defendants admit that Officer Bludworth did not render any first aid to Mr. Wood and Defendants admit that Officer O'Guin was rendering aid.

33.     In response to Paragraph 42 of Plaintiff's complaint, Defendants are without knowledge to admit or deny these allegations and therefore deny the same.

34.     In response to Paragraph 43 of Plaintiff's complaint, Defendants admit that Mr. Wood was asked where he was hit at and the Mr. Wood said something indecipherable in response.  Defendants deny the remaining allegations contained in Paragraph 43 of Plaintiff's complaint.

35.     Defendants deny the allegations contained in Paragraph 44 of Plaintiff's complaint.

36.     In response to Paragraph 45 of Plaintiff's complaint, Defendants admit that Officer Bludworth told persons who were in the Circle K parking lot that they needed to leave. Defendants deny the remaining allegations contained in Paragraph 45 of Plaintiff's complaint.

37.     Defendants deny the allegations contained in Paragraphs 46, 47, and 48 of Plaintiff's complaint.

38.     In response to Paragraph 49 of Plaintiff's complaint, Defendants admit that police departments, including the Albuquerque Police Department, do establish standard operating procedures, training, monitoring, discipline and supervision of its officers which are developed to be within the bounds of the constitution.  Defendants deny the remaining allegations contained in Paragraph 49 of Plaintiff's complaint.

39.     In response to Paragraph 50 of Plaintiff's complaint, Defendants deny that there was a systematic use of excessive force and violation of citizens' rights within APD.  Defendants also deny the remaining allegations contained in Paragraph 50 of Plaintiff's complaint.

40.     Defendants deny the allegations contained in Paragraph 51 of Plaintiff's complaint.

41.     In response to Paragraph 52 of Plaintiff's complaint, Defendants are without knowledge to admit or deny these allegations and therefore deny the same.

42.     Defendants deny the allegations contained in Paragraph 53 of Plaintiff's complaint.

43.     Paragraphs 54 and 55 of Plaintiff's complaint contains legal conclusions instead of factual averments for which Defendants are not required to admit or deny.

44.     In response to Paragraph 56 of Plaintiff's complaint, Defendants are without knowledge to admit or deny these allegations and therefore deny the same.

45.     In response to Paragraph 57 of Plaintiff's complaint, Defendants admit that Officer Wright had a previous encounter with Vincent Wood and that Officer Bludworth had seen and heard of Vincent Wood but did not have any previous personal encounters with him. Defendants admit that based upon these previous encounters, Officer Wright and Officer Bludworth suspected that Vincent Wood could have been mentally ill.  Defendants deny the remaining allegations contained in Paragraph 57 of Plaintiff's complaint.

46.     Defendants deny the allegations contained in Paragraphs 58, 59, 60, 61, and 62 of Plaintiff's complaint.

47.     In response to Paragraph 63 of Plaintiff's complaint, Defendants deny that they yelled at Mr. Wood to come to them.  Defendants also deny the remaining allegations contained in Paragraph 63 of Plaintiff's complaint.

48.     In response to Paragraphs 64 and 65 of Plaintiff's complaint, Defendants admit that both Officer Bludworth and Officer Wright graduated from the Albuquerque Police Department Academy.

49.     Defendants deny the allegations contained in Paragraphs 66, 67, and 68 of Plaintiff's complaint.

50.     In response to Paragraphs 69, 70, and 71 of Plaintiff's complaint, Defendants admit that Officers Wright and Bludworth took the necessary courses and hours of training to receive their law enforcement certifications in accordance with New Mexico requirements.

51.     In response to Paragraph 72 of Plaintiff's complaint, Defendants admit that some officers with the Albuquerque Police Department responded to calls involving Mr. Wood and

that these officers suspected that he was mentally ill.  Defendants admit that on June 23, 2013, an

officer was dispatched to the Motel 6 at 4441 Osuna in reference to a vandalism call.  Defendants

admit that as the responding officer was conducting his investigation, he observed a black male,

who was later identified as Vincent Wood, looking very thin, wearing pants but no shirt pacing

back and forth in the parking lot.  Defendants admit that the Albuquerque Police Department

report indicates that Mr. Wood was babbling incoherently and was observed by the officer to be

waving his hands around erratically and muttering to himself.  Defendants admit that the

responding officer did not use force against Mr. Wood and admit that the officer forwarded the

report on Mr. Wood to CIT for review.  Defendants deny the remaining allegations contained in

Paragraph 72 of Plaintiff's complaint.

52.     In response to Paragraph  73 of Plaintiff's complaint, Defendants admit that on

March 11, 2012, an officer was dispatched to the area of Broadway and Lomas in reference to a

Black male pacing around talking to himself.  The call also advised that the same male was

possibly related to a homicide that occurred on March 10, 2012 at a hotel.  Defendants admit that

Mr. Wood told the responding officer that he is a paranoid schizophrenic and has post-traumatic

stress disorder.   Defendants admit that the responding officer transported Mr. Wood to the

Veteran's Administration Hospital and forwarded his police report to Crisis Intervention

Detectives.  Defendants deny the remaining allegations contained in Paragraph 73 of Plaintiff's

complaint.

53.     In response to Paragraph 74 of Plaintiff's complaint, Defendants admit that

officers responded to a call on January 3, 2012 where Mr. Wood stated that he was turning

himself in because he had shot multiple police officers.  Defendants admit that Mr. Wood told

the responding officers that he was a paranoid schizophrenic.  Defendants deny the remaining allegations contained in Paragraph 74 of Plaintiff's complaint.

54.     Defendants deny the allegations contained in Paragraphs 75, 76, 77, 78, and 79 of Plaintiff's complaint.

55.     In response to Paragraph 80 of Plaintiff's complaint, Defendants admit that less lethal weapons were not used because it was not feasible under the circumstances due to the threat that Mr. Wood posed. Defendants deny the remaining allegations contained in Paragraph 80 of Plaintiff's complaint.

56.     In response to Paragraph 81 of Plaintiff's complaint, Defendants admit that no verbal warning was given.  Defendants deny the remaining allegations contained in Paragraph 81 of Plaintiff's complaint.

57.     In response to Paragraph 82 of Plaintiff's complaint, Defendants admit that the officers and Mr. Wood were not in a confined area and that there were other people nearby. Defendants are without knowledge to admit or deny the remaining allegations contained in Paragraph 82 of Plaintiff's complaint and therefore deny the same.

58.     Defendants deny the allegations contained in Paragraph 83 of Plaintiff's complaint.

59.     In response to Paragraph 84, Defendants admit that when Officer Bludworth first encountered Mr. Wood, he was not carrying any knives in his hands.  Defendants also admit that when Officer Bludworth first encountered Mr. Wood, he did not appear to be an obvious threat to himself.  Defendants deny the remaining allegations contained in Paragraph 84 of Plaintiff's complaint.

60.     Defendants deny the allegations contained in Paragraphs 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, and 97 of Plaintiff's complaint.

61.     In response to Paragraph 98 of Plaintiff's complaint, Defendants admit that Officer Wright had a previous encounter with Vincent Wood and that Officer Bludworth had seen and heard of Vincent Wood but did not have any previous personal encounters with him. Defendants admit that based upon these previous encounters, Officer Wright and Officer Bludworth suspected that Vincent Wood could have been mentally ill.  Defendants deny the remaining allegations contained in Paragraph 98 of Plaintiff's complaint.

62.     In response to Paragraph 99 of Plaintiff's complaint, Defendants admit that en route to the call, Officer Wright conveyed that the male suspect could be Mr. Wood who she had dealt with in the past.  Defendants admit that Officer Wright knew Vincent Wood to have a mental issue and to be highly agitated, uncooperative, and violent.  Defendants deny the remaining allegations contained in Paragraph 99 of Plaintiff's complaint.

63.     In response to Paragraph 100 of Plaintiff's complaint, Defendants admit that Officer Wright had a prior encounter involving Mr. Wood three to four weeks prior to July 5, 2013.  Defendants admit that during this time Mr. Wood was highly agitated, uncooperative and had been violent with some random people in the Walgreens parking lot where he hit them in the face with a glass bottle.  Defendants admit that when Officer Wright spoke with Mr. Wood he didn't want to listen and was aggressive towards officers in that officers could not get him to sit down, he would stand up and yell, couldn't follow a conversation, and that he seemed to be having other conversations with himself.  Defendants admit that Officer Wright was also aware of several calls about Mr. Wood standing on the street corner yelling at cars, possibly drunk. Defendants deny the remaining allegations contained in Paragraph 100 of Plaintiff's complaint.

64.     In response to Paragraph 101 of Plaintiff's complaint, Defendants admit that that prior to July 5, 2013, Officer Bludworth had heard of Vincent Wood having mental issues but he did not have any previous personal encounters with him.  Defendants deny the remaining allegations contained in Paragraph 101 of Plaintiff's complaint.

65.     In response to Paragraph 102 of Plaintiff's complaint, Defendants are without knowledge to admit or deny these allegations and therefore deny the same.

66.     Defendants deny the allegations contained in Paragraph 103 of Plaintiff's complaint.

67.     In response to Paragraph 104 of Plaintiff's complaint, Defendants admit that Mayor Richard Berry and former APD Police Chief Raymond Schultz have made statements in support of the officers with the Albuquerque Police Department.  Defendants deny the remaining allegations contained in Paragraph 104 of Plaintiff's complaint.

68.     Defendants admit the allegations contained in Paragraph 105 of Plaintiff's complaint.

69.     Defendants deny the allegations contained in Paragraphs 106 and 107 of Plaintiff's complaint.

70.     In response to Paragraph 108 of Plaintiff's complaint, Defendants deny that former APD Chief Schultz stated that APD had adopted ninety-percent of reforms usually sought by the Department of Justice and therefore Defendants deny the allegations contained in Paragraph 108 of Plaintiff's complaint.

71.     In response to Paragraph 109 of Plaintiff's complaint, Defendants are without knowledge to admit or deny these allegations and therefore deny the same.

72.     Defendants deny the allegations contained in Paragraphs 110, 111, 112,113, 114, 115, and 116 of Plaintiff's complaint.

73.     In response to Paragraph 117 of Plaintiff's complaint, Defendants admit that the Crisis Intervention Team is a specialized unit within the Albuquerque Police Department which has additional training than what is given beyond to cadets in the Albuquerque Police Department Academy in responding to and dealing with persons who are suspected to be mentally ill.  Defendants deny the remaining allegations contained in Paragraph 117 of Plaintiff's complaint.

74.     Defendants deny the allegations contained in Paragraph 118 of Plaintiff's complaint.

75.     In response to Paragraph 119 of Plaintiff's complaint, Defendants admit that in April, 2014, 27% of APD field services officers were CIT certified.  Defendants are without knowledge to admit or deny the remaining allegations contained in Paragraph 119 of Plaintiff's complaint and therefore deny the same.

76.     In response to Paragraphs 120 and 121 of Plaintiff's complaint, one or more of these allegations are:  inaccurate, taken out of context, and/or incomplete statements concerning the training  and therefore Defendants deny the allegations contained in Paragraphs 120 and 121 of Plaintiff's complaint.

77.      Defendants deny the allegations contained in Paragraphs 122, 123, 124, 125, 126, 127, 128, 129, 130, and 131 of Plaintiff's complaint.

78.     In response to Paragraph 132 of Plaintiff's complaint, Defendants admit that the Albuquerque Police Department has a policy as to when officers should turn on a lapel camera and that officers can be subject to discipline, including progressive discipline for failure to

adhere to this policy. Defendants deny the remaining allegations contained in Paragraph 132 of Plaintiff's complaint.

79.     Defendants deny the allegations contained in Paragraphs 133, 134, 135, and 136 of Plaintiff's complaint.

80.     In response to Paragraph 137 of Plaintiff's complaint, Defendants admit that uses of force are investigated by supervisors, including an officer's chain of command, internal affairs, and the newly created citizens review board for purposes of determining whether there were any policy violations. Defendants deny the remaining allegations contained in Paragraph 137 of Plaintiff's complaint.

81.     Defendants deny the allegations contained in Paragraphs 138, 139, and 140 of Plaintiff's complaint.

**COUNT I:  PLAINTIFF'S MONELL CLAIM UNDER 42 USC 1983 RESULTING IN DEPRIVATION OF VINCENT WOOD'S RIGHTS BY ALBUQUERQUE POLICE DEPARTMENT**

82.     In response to Paragraph 141 of Plaintiff's complaint, Defendants admit and deny Paragraphs 1 through 140 of Plaintiff's complaint as set forth in Paragraphs 1 through 81 of this Answer.

83.     In response to Paragraph 142 of Plaintiff's complaint, Defendants deny that the Albuquerque Police Department has a policy and practice of inadequate training and culture of excessive use of force.  Defendants also deny the remaining allegations contained in Paragraph 142 of Plaintiff's complaint.

84.     In response to Paragraphs 143 and 144 of Plaintiff's complaint, Defendants deny that there was a widespread practice within APD of resorting to use of deadly force in situations

where it was not warranted.  Defendants also deny the remaining allegations contained in Paragraphs 143 and 144 of Plaintiff's complaint.

85.     Defendants deny the allegations contained in Paragraph 145 of Plaintiff's complaint.

86.     In response to Paragraph 146 of Plaintiff's complaint, Defendants deny that there is a custom of officers using excessive deadly force against citizens.  Defendants also deny the remaining allegations contained in Paragraph 146 of Plaintiff's complaint.

87.     In response to Paragraphs 147 and 148 of Plaintiff's complaint, Defendants deny that there is a widespread practice of needlessly using excessive, deadly force.  Defendants also deny the remaining allegations contained in Paragraphs 147 and 148 of Plaintiff's complaint.

88.     In response to Paragraph 149 of Plaintiff's complaint, Defendants deny that there is a policy and practice of use of unreasonable force.  Defendants also deny the remaining allegations contained in Paragraph 149 of Plaintiff's complaint.

89.     The allegations contained in Paragraph 150 of Plaintiff's complaint contain legal conclusions instead of factual averments to which Defendants are required to admit or deny.

**COUNT II:  PLAINTIFF'S CLAIM FOR DISCRIMINATION IN VIOLATION OF THE ADA (AMERICANS WITH DISABILITIES ACT) RESULTING IN WRONGFUL DEATH**

90.     In response to Paragraph 151 of Plaintiff's complaint, Defendants admit and deny Paragraphs 1 through 150 of Plaintiff's complaint as set forth in Paragraphs 1 through 89 of this Answer.

91.     Defendants deny the allegations contained in Paragraphs 152 and 153 of Plaintiff's complaint.

92.     In response to Paragraph 154 of Plaintiff's complaint, Defendants are without

knowledge to admit or deny these allegations and therefore deny the same.

93.     Defendants deny the allegations contained in Paragraphs 155, 156, and 157 of Plaintiff's complaint.

94.     In response to Paragraph 158 of Plaintiff's complaint, Defendants deny that there was a decision made not to sue the Crisis Intervention Team in interacting with Vincent Wood. Defendants deny the remaining allegations contained in Paragraph 158 of Plaintiff's complaint.

95.     In response to Paragraph 159 of Plaintiff's complaint, Defendants deny that there was or is any discrimination against citizens with mental illness.  Defendants also deny the remaining allegations contained in Paragraph 159 of Plaintiff's complaint.

96.     In response to Paragraph 160 of Plaintiff's complaint, Defendants deny that there is any discriminatory practices.  Defendants also deny the remaining allegations contained in Paragraph 160 of Plaintiff's complaint.

97.     The allegations contained in Paragraph 161 of Plaintiff's complaint contain legal conclusions instead of factual averments to which Defendants are required to admit or deny.

## <u>COUNT III – PLAINTIFF'S CLAIM OF FOURTH AMENDMENT VIOLATION UNREASONABLE SEIZURE OF WOOD</u>

98.     In response to Paragraph 162 of Plaintiff's complaint, Defendants admit and deny Paragraphs 1 through 161 of Plaintiff's complaint as set forth in Paragraphs 1 through 97 of this Answer.

99.     In response to Paragraph 163 of Plaintiff's complaint, Defendants admit that all citizens, including Mr. Wood, has a Fourth Amendment right to be free of unreasonable seizures.

100.    Defendants deny the allegations contained in Paragraphs 164, 165, 166, 167, 168, and 169 of Plaintiff's complaint.

101.     The allegations contained in Paragraph 170 of Plaintiff's complaint contain legal conclusions instead of factual averments to which Defendants are required to admit or deny.

## COUNT IV – PLAINTIFF'S CLAIM OF EXCESSIVE AND UNNECESSARY USE OF FORCE (DEFENDANT OFFICERS)

102.     In response to Paragraph 171 of Plaintiff's complaint, Defendants admit and deny Paragraphs 1 through 170 of Plaintiff's complaint as set forth in Paragraphs 1 through 101 of this Answer.

103.     In response to Paragraph 172 of Plaintiff's complaint, Defendants admit that all citizens, including Mr. Wood, has a Fourth Amendment right to be free of excessive and unnecessary force.  Defendants deny the remaining allegations contained in Paragraph 172 of Plaintiff's complaint.

104.     Defendants deny the allegations contained in Paragraphs 173 and 174 of Plaintiff's complaint.

105.     The allegations contained in Paragraph 175 of Plaintiff's complaint contain legal conclusions instead of factual averments to which Defendants are required to admit or deny.

## COUNT V – PLAINTIFF'S STATE TORT CLAIMS ASSAULT, BATTERY, FALSE ARREST, AND FALSE IMPRISONMENT (AGAINST DEFENDANT OFFICERS)

106.     In response to Paragraph 176 of Plaintiff's complaint, Defendants admit and deny Paragraphs 1 through 175 of Plaintiff's complaint as set forth in Paragraphs 1 through 105 of this Answer.

107.     Defendants deny the allegations contained in Paragraphs 177 and 178 of Plaintiff's complaint.

108.     Defendants admit the allegations contained in Paragraph 179 of Plaintiff's complaint.

109.    Defendants deny the allegations contained in Paragraphs 180 and 181 of Plaintiff's complaint.

110.    In response to Paragraph 182 of Plaintiff's complaint, Defendants deny that excessive or unnecessary force was used and therefore Defendants deny the allegations contained in Paragraph 182 of Plaintiff's amended complaint.

111.    Defendants deny the allegations contained in Paragraphs 183 and 184 Plaintiff's complaint.

## COUNT VI– PLAINTIFF'S CLAIM FOR NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

112.     In response to Paragraph 185 of Plaintiff's complaint, Defendants admit and deny Paragraphs 1 through 184 of Plaintiff's complaint as set forth in Paragraphs 1 through 111 of this Answer.

113.    Defendants deny the allegations contained in Paragraphs 186, 187, 187a), 187b), 187c) 187d) 187e), 187f), and 187g) of Plaintiff's complaint.

114.    Defendants deny the allegations contained in Paragraph 188 of Plaintiff's complaint.

## COUNT VII – PLAINTIFF'S CLAIM FOR NEGLIGENT ASSAULT AND BATTERY UNDER THE NM TORT CLAIMS ACT

115.    In response to Paragraph 189 of Plaintiff's complaint, Defendants admit and deny Paragraphs 1 through 188 of Plaintiff's complaint as set forth in Paragraphs 1 through 114 of this Answer.

116.    Defendants deny the allegations contained in Paragraphs 190 and 191 of Plaintiff's complaint.

117.     In response to Paragraph 192 of Plaintiff's complaint, Defendants deny that there is any such cause of action called a "negligent battery" and therefore Defendant denies the allegations contained in Paragraph 192 of Plaintiff's complaint.

118.     Defendants deny the allegations contained in Paragraph 193 of Plaintiff's complaint.

### COUNT VIII – PLAINTIFF'S CLAIM FOR SPOLIATION OF EVIDENCE – DEFENDANT BLUDWORTH

119.     In response to Paragraph 194 of Plaintiff's complaint, Defendants admit and deny Paragraphs 1 through 193 of Plaintiff's complaint as set forth in Paragraphs 1 through 118 of this Answer.

120.     Defendants deny the allegations contained in Paragraphs 195, 196, 197, 198, 199, and 200 of Plaintiff's complaint.

121.     Defendants deny that Plaintiff is entitled to the damages listed in the "Request for Relief" section and WHEREFORE Paragraph of the complaint.

### GENERAL DENIAL

Any allegation that is not specifically admitted in this Answer is hereby denied.

### AFFIRMATIVE DEFENSES

1.     Plaintiff's complaint contains one or more claims for which relief cannot be granted.

2.     Plaintiff has not asserted one or more plausible claims of relief.

3.     Officer Bludworth's actions were objectively reasonable under the totality of circumstances, done in good faith, and therefore, he is entitled to qualified immunity and immunity under the New Mexico Tort Claims Act.

4.      Officer Wright's actions were objectively reasonable under the totality of circumstances, done in good faith, and therefore, she is entitled to qualified immunity and immunity under the New Mexico Tort Claims Act.

5.      There was reasonable suspicion and/or probable cause to seize Mr. Wood.

6.      Officer Bludworth used a reasonable amount of force under the totality of the circumstances.

7.      Officer Wright used a reasonable amount of force under the totality of the circumstances.

8.      Officer Bludworth did not commit a clearly established constitutional violation.

9.      Officer Wright did not commit a clearly established constitutional violation.

10.     Because the officers were acting under exigent circumstances the duty to accommodate an individual under the Americans with Disabilities Act was not invoked or applicable.

11.     Defendants did not violate the Americans with Disabilities Act because decedent's activity was unlawful and because the officers' use of force was not to effect an arrest but was used in self-defense and/or in defense of others.

12.     Defendant City of Albuquerque cannot be held liable because there was no constitutional violation committed by one of its officers and because there was no alleged unconstitutional policy or custom which was the moving force behind any alleged constitutional violation.

13.     The City of Albuquerque is not liable under the Americans with Disabilities Act because it did not know that a modification to services under the Act was necessary as the City of Albuquerque was not aware of the specific nature of any disability of decedent as defined

20

under the Americans with Disabilities Act and therefore did not know that he required any

modification of services because of any such disability.

14.     Defendants did not act with deliberate indifference towards decedent.

15.     Defendants conduct did not cause a violation under the Americans with

Disabilities Act.

16.     Plaintiff's state law claims are barred in whole or in part by the provisions set

forth in the New Mexico Tort Claims Act.

17.      Defendant City of Albuquerque's immunity has not been waived under the New

Mexico Tort Claims Act.

18.     Plaintiff's injuries or losses were proximately caused by the negligence,

intentional misconduct or other fault of the decedent Vincent Wood and/or third person for

whom Defendants are not liable.

19.     Plaintiff failed to mitigate damages.

20.     Plaintiff cannot recover punitive damages or attorney's fees as a matter of law for

their state law claims against Defendants.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Defendants hereby demand a trial by jury on all claims

and issues raised in Plaintiff's complaint filed in this cause.

 **WHEREFORE,** Defendants respectfully request that the Court dismiss Plaintiff's

amended complaint in its entirety, award Defendants their costs, and award any such other and

further relief as it deems just and proper.

21

Respectfully submitted,

CITY OF ALBUQUERQUE
Jessica M. Hernandez, City Attorney

/s/ Stephanie M. Griffin
Deputy City Attorney
P. O. Box 2248
Albuquerque, New Mexico 87l03
 (505) 768-4500
 sgriffin@cabq.gov
*Attorney for Defendants*

It is hereby certified that a true copy of
the foregoing pleading was served via
NEF to Plaintiff c/o

Frances C. Carpenter
Hans Erickson
Law Office of Frances Crockett
925 Luna Circle NW
Albuquerque, NM 87102
(505) 314-8884

*Attorney for Plaintiff*

on the 6th of July, 2015

/s/ Stephanie M. Griffin
Deputy City Attorney

22